UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY VANN,<br><br>  Plaintiff,<br><br>v.<br><br>JEFFREY S. FREEMAN, *et al.*,<br><br>  Defendants. | Civil No. 21-10721<br><br>HON. PAUL D. BORMAN<br>MAG. DAVID R. GRAND<br><br>**MOTION TO SEAL EXHIBIT AND MEMORANDUM** |

Under Local Civil Rule 5.3(b), Defendants request an order sealing the exhibit to their Motion to Stay Proceedings (the "**Poole Letter**"), and portions of that motion and supporting brief that refer to the subject-matter addressed in the Poole Letter (the "**Memorandum**").

### I.  Index of Documents Proposed for Sealing

Exhibit 1 lists the two documents to be sealed (the "**Indexed Documents**"). ECF 15-1. Civil Rule 5.3(b)(1)(A)(i) (ED Mich. 2018). Plaintiff does not object to the Court sealing either document. *Ibid.*; Civil Rule 7.1(a) (ED Mich. 2020).

### II.  Nonparty Interests

The United States is not a party to these proceedings, but disclosure of the Indexed Documents at this time may adversely affect federal law enforcement interests. Civil Rule 5.3(b)(1)(A)(ii) (ED Mich. 2018).

### III.  Protective Order Classification

The Indexed Documents have not been classified as confidential under a protective order. The Court has not yet entered a protective order in this case.

IV. **Justifications for Sealing the Indexed Documents**

Congressional policy supports sealing the Indexed Documents because they contain nonpublic information sourced from the Government that would otherwise be exempt from disclosure to the public under the Freedom of Information Act on three separate grounds.

First, FOIA Exemption 3 exempts from disclosure records that are exempt from disclosure under another statute. 8 U.S.C. §552(b)(3). The Internal Revenue Code prohibits employees of the United States and others with lawful access from releasing "return information" to third parties. 26 U.S.C. §6103(a)(1), (a)(3), and (c). Counsel and Mr. Neiman are those with lawful access. The Poole Letter constitutes return information because it relates to an investigation. 26 U.S.C. §6103(b)(2)(A). The Poole Letter is therefore not information that the general public would otherwise be able to obtain through FOIA.

Second, this District treats "any information indicating the focus of a grand jury investigation as grand jury materials" exempt from disclosure under FOIA Exemption 3. *Foster* v. *Department of Justice*, 933 F. Supp. 687, 692 (ED Mich. 1996) (Rosen, J.). Public disclosure of the Poole Letter would reveal information precedent to, and indicate the focus of, a grand jury investigation. This provides another basis for finding that the general public would not otherwise have access to the Poole Letter.

Third, FOIA Exemption 6 exempts from disclosure information that would result in a clearly unwarranted invasion of personal privacy without any countervailing public interest that would justify its disclosure. *Department of Defense* v. *Federal Labor Relations Auth.*, 510 U.S. 487, 494–97 (1994). The only relevant public interest in disclosure is the disclosure of information that would

"contribut[e] significantly to public understanding of the operations or activities of the government." *Id.*, at 495.  It would work an unwarranted invasion of privacy to disclosing the existence of a criminal investigation or the identity of people who have not been indicted.  *Kiraly* v. *Federal Bureau of Investigation*, 728 F.2d 273, 277 (CA6 1984).  And, because of the secrecy that surrounds criminal investigations, see, *e.g.*, Fed. Rule Crim. Proc. 6(e), there would be no countervailing public interest justifying disclosure of the Poole Letter before an indictment is returned.  See *id.*, at 277–78.

Because the Poole Letter should be sealed, so too should select portions of the Memorandum that relate to the subject-matter of the Poole Letter.

### V.  Redacted Versions

Defendants ask that the Poole Letter be sealed in its entirety.  They have a redacted copy of the motion, ECF 14, PageID.67, and a marked coversheet for the Poole Letter stating it is to be filed under seal, ECF 14-1.  Civil Rule 5.3(b)(3)(A)(v) (ED Mich. 2021).

### VI.  Sealed Versions

Defendants have filed unredacted copies of the Poole Letter, ECF 16, and the Memorandum, ECF 17, under seal.  Civil Rule 5.3(b)(3)(A)(vi) (ED Mich. 2021).

//
//
//
//
//
//

WHEREFORE, Defendants respectfully request that the Court enter an order sealing the Indexed Documents.

|  |  |
|---|---|
| Dated: April 28, 2021 | Respectfully submitted<br><br>BUTZEL LONG, P.C.<br><br>*JOSEPH E. RICHOTTE P70902*<br><br>GEORGE B. DONNINI (P66793)<br>JOSEPH E. RICHOTTE (P70902)<br>Stoneridge West<br>41000 Woodward Avenue<br>Bloomfield Hills, Michigan 48304<br>(248) 258-1616<br>donnini@butzel.com<br>richotte@butzel.com<br>*Counsel for Defendants* |

PROOF OF SERVICE
THIS PAPER ESERVED
ON ALL PARTIES

BH3106337.2

– 4 –